**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

CASE NO:

BRITTNEY REYNOSO, on behalf of herself
and all others similarly situated,

    Plaintiff(s),

    v.

3033 GROUP, LLC, d/b/a SHOOTERS
WATERFRONT

    Defendant.
_____/

**COLLECTIVE ACTION COMPLAINT FOR DAMAGES**
**AND DEMAND FOR JURY TRIAL**

Plaintiff, BRITTNEY REYNOSO ("Plaintiff") on behalf of herself and others similarly situated, files this Collective Action Complaint and Demand for Jury Trial against Defendant, 3033 GROUP, LLC, d/b/a SHOOTERS WATERFONT ("SHOOTERS" or "Defendant"), for failure to pay federal minimum wages for certain hours worked to all of its Servers (hereinafter "class members") as specified herein, pursuant to 29 U.S.C. § 216(b), as follows:

**INTRODUCTION**

This is a Fair Labor Standards Act ("FLSA") collective action brought on behalf of "Servers" who work or have worked at the Shooters restaurant in Fort Lauderdale, Florida. Defendant unlawfully deprived Plaintiff, and all others similarly situated, of applicable federal minimum wages during the course of their employment within the past three (3) years. Defendant violated the minimum wage requirements under federal law by requiring Servers to purchase uniforms, parking passes, and other various tools of the trade out of their own pocket and then use these items each day of their employment. Defendant failed to ever reimburse the Servers for the initial cost and upkeep of their uniform and parking pass which resulted in an unlawful kickback

to the Defendant and drove Plaintiff's and all similarly situated employees' wages below the acceptable rate during their first and subsequent weeks of employment. As a result, Plaintiff, and similarly situated Servers have been denied federally mandated minimum wages in one or more workweeks during their employment.

## PARTIES

1. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

2. Plaintiff and the class members are/were Servers who worked for Defendant within the last three (3) years in Fort Lauderdale, Florida.

3. Plaintiff worked for Defendant as Server from approximately March 21, 2021 until May 3, 2021.

4. The proposed class members worked for Defendant in the same/identical capacity as Plaintiff in that they were Servers for Defendant during the relevant time period.

5. Plaintiff and the proposed class members were subjected to similar violations of federal law. Plaintiff seeks certification under 29 U.S.C. § 216(b) of the following class for failure to pay federally mandated minimum wages:

> **All Servers who worked for Shooters at the Fort Lauderdale, Florida location during the three (3) years preceding this lawsuit who were required to purchase a uniform during their training period.**

6. Plaintiff also seeks certification under 29 U.S.C. 216(b) of the following additional class for failure to pay federally mandated minimum wages:

> **All Servers who worked for Shooters at the Fort Lauderdale, Florida location during the three (3) years preceding this lawsuit who were required to purchase a parking pass during their training period.**

7. Plaintiff also seeks certification under 29 U.S.C. 216(b) of the following additional class for failure to pay federally mandated minimum wages:

> **All Servers who worked for Shooters at the Fort Lauderdale, Florida, location during the three (3) years preceding this lawsuit who in one or more workweeks were required to work off-the-clock.**

8. The precise size and identity of each class above should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of class members in each collective could exceed 250 Servers or Servers.

9. During all times material hereto, Defendant, SHOOTERS, was a Florida limited liability company operating and transacting business within Broward County, Florida, within the jurisdiction of this Honorable Court.

10. Defendant was Plaintiff's employer during all times pertinent to the allegations herein.

11. During all times material hereto, Defendant was vested with the ultimate control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of the Shooters Fort Lauderdale location.

## **JURISDICTION AND VENUE**

12. This action is brought under 29 U.S.C. § 216(b) to recover damages from Defendant, injunctive relief, and reasonable attorney's fees and costs.

13. A substantial amount of the acts and/or omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

14. Defendant regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper.

15. Venue is also proper within Broward County, Florida.

## FLSA COVERAGE

16. Defendant, SHOOTERS, is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that Defendant had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

17. During all times material hereto, Defendant's employees handled goods such as food, beverages, napkins, silverware, appliances, other food items, restaurant equipment, chairs, tables, vacuum cleaners, and other materials that had previously travelled through commerce.

18. Defendant, SHOOTERS had an annual gross revenue in excess of $500,000.00 in 2016, 2017, 2018, 2019, 2020 and is expected to gross in excess of $500,000.00 in 2021.

## GENERAL ALLEGATIONS

19. Shooters is a seafood restaurant located on the intracoastal waterway in Fort Lauderdale, Florida.

20. Shooters employs restaurant servers and requires the servers to wear uniforms that consist of skirts/shorts, Sperry's boat shoes and Shooters branded shirts. Shooters requires its servers to purchase these uniform items during their training period and requires the Servers to wear these items in order to work each shift.

21. Shooters also requires its Servers to buy parking passes during their training periods.

22. All Shooters Servers within the previous three (3) year were paid the applicable minimum wage during their training period.

23. Shooters hired Plaintiff to work as Server in Fort Lauderdale in March 2021.

24. Plaintiff and other Servers employed at the Fort Lauderdale Shooters are non-exempt hourly employees under the FLSA.

25. During the relevant time period, Defendant required Plaintiff and the Servers at the Fort Lauderdale Shooters to follow personnel policies, including, but not limited to, requiring Servers to wear the Shooters branded uniform.

26. Enforcement of the uniform requirement resulted in federal minimum wage violations in one or more workweeks during the relevant time period.

## COSTS INCURRED FOR UNIFORM

27. Each Server employed by Shooters over the previous three (3) years has been required to purchase the following apparel during the training period: (a) two (2) Shooter's branded shirts for $25.00 per shirt; (b) two skirts or shorts from Smallwood Yachtwear clothing supplier located in Ft. Lauderdale, Florida; and (c) Sperry's branded boat shoes.

28. Defendant also required Plaintiff, and all other similarly situated Servers, to purchase a $50.00 parking pass during their training period.

29. Defendant enjoys and retains the benefit of this uniform requirement but does not reimburse Servers for the cost of purchasing required uniforms, causing and/or directly requiring these expenses to come from Servers' wages.

30. Defendant required Plaintiff and members of the putative class to incur hundreds of dollars in costs to purchase their uniforms. Furthermore, the cost of the Shooter's branded shirts was automatically deducted from Servers' first paychecks.

31. During their training period, Plaintiff and similarly situated Servers at the Fort Lauderdale Shooters location were paid the prevailing Florida minimum wage for each hour they worked. However, when considering uniform and parking expenses, Plaintiff and similarly situated individuals earned less than the prescribed minimum wage rate.

32. In total, Plaintiff spent hundreds of dollars purchasing her required uniform for work and parking pass.

33. During her training period in 2021, Plaintiff was paid $8.65 per hour and did not receive any tips.

34. Defendant **never** reimbursed Plaintiff or any of the similarly situated Servers for the uniforms they were instructed and required to purchase during their training period at Shooters.

35. Defendant **never** reimbursed Plaintiff or any of the similarly situated Servers for their parking passes that they were instructed and required to purchase during their training period at Shooters.

36. Plaintiff and all other similarly situated Servers were required to wear their uniform each day of work, including during the training period. If Plaintiff or any of the similarly situated Servers ever failed to wear this uniform, they were not be permitted to work.

37. Defendant required Plaintiff and all other similarly situated Servers to wear their uniform for the benefit of Defendant in creating and establishing a specific and unique dining and drinking experience for their clientele.

38. The costs incurred by Servers related to their uniforms and parking passes caused Plaintiff's and all other similarly situated Servers' wages to dip below the legal minimum wage in one or more workweeks during the relevant employment period.

## **CLASS ALLEGATIONS**

39. Class members are treated equally and similarly at the Fort Lauderdale Shooters location that is owned and operated by Defendant, in that they were denied full and proper federal minimum wage as a result of Defendant's failure to reimburse Servers the costs of the uniform they were required to purchase and wear in the restaurant every single day of employment.

40. Class members are also treated equally and similarly at the Fort Lauderdale Shooters location that is owned and operated by Defendant, in that they were denied full and proper federal minimum wage as a result of Defendant's failure to reimburse Servers the costs of a parking pass that they were required to purchase if they owned a car.

41. Class members are also treated equally and similarly by Defendant at the Fort Lauderdale Shooters location, in that they were denied full and proper federal minimum wage for the off-the-clock work that they were required to perform.

42. Defendant employed hundreds of Servers who were not paid federal minimum wage free-and-clear for the first week of training as a result of the Defendant's failure to reimburse Servers the cost of their uniform and tools – which resulted in an illegal kickback and drove each of their wages well below the federal minimum wage.

43. Plaintiff and the class members were subject to the same policies.

44. Plaintiff and the class members at the Fort Lauderdale Shooters location performed the same job duties, as Servers, and were paid in an identical manner by Defendant based on Defendant's failure to reimburse Plaintiff and the class members incurred costs for the uniform they were required to purchase and wear during their training period. Defendant's failure to reimburse Servers appropriately for the uniform drove the Servers' applicable wages well below the federal minimum wage during one or more week of employment.

45. In addition, Plaintiff and the class members at the Fort Lauderdale Shooters location owned and operated by Defendant performed the same job duties, as Servers, and were paid in an identical manner by Defendant. More specifically, Defendant failed to reimburse Plaintiff and the class members costs they incurred for the parking passes they were required to purchase during their training period which drove the Servers' wages well below the federal minimum wage during one or more weeks of employment.

46. Plaintiff and the class members were also not paid proper federal minimum wage for hours worked off-the-clock.

47. Defendant failed to keep accurate time and pay records for Plaintiff and all class members.

48. Defendant was aware of the requirements of the FLSA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

49. As a result of Defendant's intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

### COUNT I – FEDERAL MINIMUM WAGE VIOLATIONS
**Defendant's Failure to Reimburse Uniform Expenses
to All Servers Employed at the Fort Lauderdale Shooters Location**

50. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 49 as though set forth fully herein.

51. Defendant employed Plaintiff and similarly situated Servers at the Fort Lauderdale Shooters within the past three (3) years. Plaintiff and all others similarly situated Servers are/were

8

entitled to be paid full federal minimum wage for certain hours worked during their employment with Defendant.

52. Defendant refused and/or failed to reimburse Plaintiff and members of the putative class for the uniform costs incurred by Servers, which resulted in federal minimum wage violations in one or more workweeks during the relevant time period. Defendant enforced the uniform policy against all of the Servers in the past three (3) years and therefore caused the same harm to the Servers working at the Shooters Fort Lauderdale location.

53. Defendant willfully failed to pay Plaintiff and the class members the full minimum wage for one or more weeks of work contrary to the FLSA.

54. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the class members have been damaged in the loss of minimum wages for one or more weeks of work during the employment with Defendant.

55. Defendant's willful and/or intentional violations of the FLSA entitle Plaintiff and the class members to an additional amount of liquidated, or double, damages.

56. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, BRITTNEY REYNOSO, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, 3033 GROUP, LLC, d/b/a SHOOTERS WATERFONT and award Plaintiff: (a) unliquidated minimum wages; (b) an equal amount of liquidated damages; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

**COUNT II – FEDERAL MINIMUM WAGE VIOLATIONS**
**Defendant's Failure to Reimburse Parking Expenses**
**to All Servers Employed at the Fort Lauderdale Shooters Location**

57. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 49 as though set forth fully herein.

58. Defendant employed Plaintiff and similarly situated Servers at the Fort Lauderdale Shooters within the past three (3) years. Plaintiff and all others similarly situated Servers are/were entitled to be paid full federal minimum wage for certain hours worked during their employment with Defendant.

59. Defendant refused and/or failed to reimburse Plaintiff and members of the putative class for the parking costs incurred by Servers, which resulted in federal minimum wage violations in one or more workweeks during the relevant time period. Defendant required each Server with a car during the past three (3) years to purchase a parking pass and therefore caused the same harm to the Servers working at the Shooters Fort Lauderdale location.

60. Defendant willfully failed to pay Plaintiff and the class members the full minimum wage for one or more weeks of work contrary to the FLSA.

61. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the class members have been damaged in the loss of minimum wages for one or more weeks of work during the employment with Defendant.

62. Defendant's willful and/or intentional violations of the FLSA entitle Plaintiff and the class members to an additional amount of liquidated, or double, damages.

63. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, BRITTNEY REYNOSO, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, 3033 GROUP, LLC, d/b/a SHOOTERS WATERFONT and award Plaintiff: (a) unliquidated minimum wages; (b) an equal amount of liquidated damages; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

### COUNT III – FEDERAL MINIMUM WAGE VIOLATIONS
#### Off-The-Clock Work

64. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 49 as though set forth fully herein.

65. Plaintiff and all others similarly situated are/were entitled to be paid full federal minimum wage for certain hours worked during their employment with Defendant.

66. In one or more workweeks of Plaintiff's employment, Defendant required Plaintiff and all others similarly situated to work off-the-clock.

67. The off-the-clock work that Plaintiff and all other similarly situated employees were required to perform was more than what is considered *de minimus* under the FLSA.

68. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the class members have been damaged in the loss of minimum wages for one or more weeks of work during the employment with Defendant.

69. Defendant's willful and/or intentional violations of entitle Plaintiff and the class members to an additional amount of liquidated, or double, damages.

70. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, BRITTNEY REYNOSO, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, 3033 GROUP, LLC, d/b/a SHOOTERS WATERFONT and award Plaintiff: (a) unliquidated minimum wages; (b) an equal amount of liquidated damages; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, BRITTNEY REYNOSO, demands a trial by jury on all appropriate claims.

**Dated this 28th day of May 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on May 28, 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**SERVICE LIST:**

Case 0:21-cv-61131-WPD   Document 1   Entered on FLSD Docket 05/28/2021   Page 13 of 13